1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11              Plaintiff,                  No. 2:10-3061 WBS KJN (TEMP)

12        v.

13   CHARLES JOHN TINGLER, et al.,

14              Defendants.                 FINDINGS AND RECOMMENDATIONS

15   _____/

16              Presently before the court is plaintiff's application for default judgment.[1]  This

17   matter was submitted without oral argument on March 31, 2011. (Dkt. No. 19.)  The undersigned

18   has fully considered the briefs and record in this case and, for the reasons stated below,

19   recommends that plaintiff's application for default judgment be granted.

20   I.       BACKGROUND[2]

21              This action arises out of lien filings in the form of "UCC Financing Statements,"

22   which were filed by defendants with the Secretary of State of the State of California in late 2009

23   _____

24          [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

25

26          [2]  These background facts are taken from plaintiff's complaint and the affidavits
     submitted in support of plaintiff's application for default judgment.  (Dkt. Nos. 1, 11.)

1

1    and early 2010 against Internal Revenue Service Revenue Officer Dean Prodromos.  This

2    revenue officer was assigned a case against the defendants in 2009 with respect to a fraudulent

3    tax return and Form 1099-OID filed by the defendants for 2008.

4              A declaration of service filed with the court demonstrates that defendants were

5    properly served on December 15, 2010.  (Dkt. Nos. 5,6.)  On January 14, 2011, the Clerk of this

6    Court entered a certificate of entry of default against defendants.  (Dkt. No. 10.)  On March 7,

7    2011, plaintiff filed the motion for default judgment that is presently before the court and which

8    was served on defendants.  (Dkt. No. 11, 12.)  The application seeks a judgment declaring the

9    Financing Statements at issue in this litigation be declared null, void, and without legal effect.

10   Plaintiff further seeks injunctive relief enjoining defendants from filing similar non-consensual

11   liens in the future against employees of the United States.

12   II.   LEGAL STANDARDS

13             Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a

14   party against whom a judgment for affirmative relief is sought who fails to plead or otherwise

15   defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

16   automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans,

17   238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25

18   (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead,

19   the decision to grant or deny an application for default judgment lies within the district court's

20   sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this

21   determination, the court may consider the following factors:

22             (1) the possibility of prejudice to the plaintiff; (2) the merits of
               plaintiff's substantive claim; (3) the sufficiency of the complaint;
23             (4) the sum of money at stake in the action; (5) the possibility of a
               dispute concerning material facts; (6) whether the default was due
24             to excusable neglect; and (7) the strong policy underlying the
               Federal Rules of Civil Procedure favoring decisions on the merits.

25

26   ////

2

1  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily

2  disfavored.  <u>Id</u>. at 1472.

3          As a general rule, once default is entered, well-pleaded factual allegations in the

4  operative complaint are taken as true, except for those allegations relating to damages.

5  <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing

6  <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); <u>see</u> <u>also</u> <u>Fair</u>

7  <u>Housing of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded

8  allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not

9  contained in the pleadings, and claims which are legally insufficient, are not established by

10  default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Danning</u>

11  <u>v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978)); <u>accord</u> <u>DIRECTV, Inc. v. Huynh</u>, 503 F.3d 847,

12  854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to

13  admit conclusions of law" (citation and quotation marks omitted).); <u>Abney v. Alameida</u>, 334 F.

14  Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally

15  insufficient claim.").  A party's default conclusively establishes that party's liability, although it

16  does not establish the amount of damages.  <u>Geddes</u>, 559 F.2d at 560; <u>cf.</u> <u>Adriana Int'l Corp. v.</u>

17  <u>Thoeren</u>, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant

18  to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the

19  defaulting party).

20  III.    <u>ANALYSIS</u>

21          A.    <u>Factor One: Possibility of Prejudice to Plaintiff</u>

22          The first factor set forth by the Ninth Circuit in <u>Eitel</u> considers whether the

23  plaintiff would suffer prejudice if default judgment is not entered, and whether such potential

24  prejudice to the plaintiff militates in favor of granting a default judgment.  <u>See</u> <u>PepsiCo, Inc.</u>, 238

25  F. Supp. 2d at 1177.  Here, plaintiff would potentially face prejudice if the court did not enter a

26  default judgment.  Absent entry of a default judgment, plaintiff would be without another

3

1  recourse for recovery and Revenue Officer Prodromos will continue to suffer personal harm by

2  the filing of false liens against his property.  Accordingly, the first <u>Eitel</u> factor favors the entry of

3  default judgment.

4         B.    <u>Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the</u>

5  <u>Sufficiency of the Complaint</u>

6         The undersigned considers the merits of plaintiff's substantive claims and the

7  sufficiency of the complaint together below because of the relatedness of the two inquiries.  The

8  undersigned must consider whether the allegations in the complaint are sufficient to state a claim

9  that supports the relief sought.  <u>See</u> <u>Danning</u>, 572 F.2d at 1388; <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at

10  1175.

11         Here, the following facts establish plaintiff is entitled to the relief sought.  Under

12  26 U.S.C. § 7402(a), the district court is empowered "to void common-law liens imposed by

13  taxpayers on the property of government official assigned to collect delinquent taxes."  <u>Ryan v.</u>

14  <u>Bilby</u>, 764 F.2d 1325, 1327 (9th Cir. 1985).  Injunctive relief enjoining the taxpayer from filing

15  such liens in the future is also appropriate.  <u>Id.</u>  The facts presented in the Declaration of Dean

16  Prodromos clearly show that defendants Charles and Victoria Tingler have filed UCC Financing

17  statements with the Secretary of State for the State of California against an officer of the United

18  States.  Facts presented in the Declaration of Dean Prodromos also demonstrate that he, as an

19  officer of the United States, has no relationship with the defendants that would give rise to a

20  legitimate notice of lien.  It is therefore readily apparent that the lien is frivolous.  Moreover, it

21  clearly appears that the lien was filed solely to retaliate against the Revenue Officer for his

22  good-faith efforts to enforce the tax laws against the defendants.  Plaintiff has demonstrated that

23  the entry of the requested injunction is necessary and appropriate to the enforcement of the

24  internal revenue laws. 26 U.S.C. § 7402(a).  In addition, plaintiff has demonstrated that

25  continued filings of frivolous liens against its officers would cause it irreparable harm, because

26  federal officers who face personal reprisal through encumbrance of their property and damage to

4

1  their credit record may be unable to enforce the internal revenue laws vigorously and

2  evenhandedly.  Furthermore, plaintiff has demonstrated that it has no adequate remedy at law

3  with respect to future frivolous lien filings, because it would suffer the irreparable harm

4  described above during the time in which it would be required to apply to a court to have the lien

5  filings stricken.  The equities weigh in favor of plaintiff because defendants have no basis for

6  filing nonconsensual liens against federal officers.  An injunction is also in the public interest

7  because it will help ensure that federal officers can apply the internal revenue laws free of

8  retaliation and harassment by defendants.  In the circumstances presented here, the second and

9  third factor weigh heavily in favor of default judgment.

10         C.      Factor Four: The Sum of Money at Stake in the Action

11                 Under the fourth factor cited in Eitel, "the court must consider the amount of

12  money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F.

13  Supp. 2d at 1177.  Here, plaintiff seeks no monetary damages and accordingly this factor does

14  not weigh against entry of default judgment.

15         D.      Factor Five: The Possibility of a Dispute Concerning Material Facts

16                 The facts of this case are relatively straightforward, and plaintiff has provided the

17  court with well-pleaded allegations supporting its claims and affidavits in support of its

18  allegations.  Here, the court may assume the truth of well-pleaded facts in the complaint (except

19  as to damages) following the clerk's entry of default and, thus, there is no likelihood that any

20  genuine issue of material fact exists.[3]  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226

21  F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken

22  as true after the court clerk enters default judgment, there is no likelihood that any genuine issue

23  of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238

24  F. Supp. 2d at 1177.

25
26         [3]  Defendants' failure to file an answer in this case further supports the conclusion that the
    possibility of a dispute as to material facts is minimal.

5

1          E.      Factor Six: Whether the Default Was Due to Excusable Neglect

2                  Upon review of the record before the court, the undersigned finds that the default

3    was not the result of excusable neglect.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Defendant

4    Charles Tingler was personally served and defendant Victoria Tingler was served by substituted

5    service at her home under Federal Rule of Civil Procedure 4(e)(2)(B).  Over three months have

6    passed since defendants were served with summons and they have made no attempt to appear in

7    this action.  Moreover, plaintiff served defendants by mail with notice of its application for

8    default judgment.  Despite ample notice of this lawsuit and plaintiff's intention to seek a default

9    judgment, defendants have not appeared in this action to date.  Thus, the record suggests that

10   defendants have chosen not to defend this action, and not that the default resulted from any

11   excusable neglect.  Accordingly, this Eitel factor favors the entry of a default judgment.

12         F.      Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure
13                 Favoring Decisions on the Merits

14                 "Cases should be decided upon their merits whenever reasonably possible."  Eitel,

15   782 F.2d at 1472.  However, district courts have concluded with regularity that this policy,

16   standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in

17   an action.  PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc.,

18   ___ F. Supp. 2d ___, No. C 08-5065 PJH, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010);

19   ACS Recovery Servs., Inc. v. Kaplan, No. C 09-01304, 2010 WL 144816, at *7 (N.D. Cal. Jan.

20   11, 2010) (unpublished); Hartung v. J.D. Byrider, Inc., No. 1:08-cv-00960 AWI GSA, 2009 WL

21   1876690, at *5 (E.D. Cal. June 26, 2009) (unpublished).  Accordingly, although the undersigned

22   is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy

23   would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the

24   entry of default judgment.

25                 Upon consideration of the Eitel factors, the undersigned concludes that entry of

26   default judgment against defendants is appropriate.  In particular, plaintiff is entitled to the

1    injunctive relief sought in that plaintiff has demonstrated the probability of success on the merits,

2    plaintiff will suffer irreparable harm in the absence of injunctive relief, the balance of equities

3    weighs in favor of plaintiff, and the injunctive relief sought is in the public interest.  Winter v.

4    Natural Resources Defense Council, Inc., 555 U.S. 7 (2008).  The court has reviewed the

5    proposed order submitted by plaintiff and approves the same as to substance and form.

6    IV.    CONCLUSION

7             For the reasons stated above, the court HEREBY RECOMMENDS that:

8             1.      Plaintiff's application for default judgment (Dkt. No. 11) against

9    defendants be granted;

10            2.      The court declare that the Financing Statements at issue are null, void, and

11   without legal effect.

12            3.      The court enjoin defendants from filing similar non-consensual liens in the

13   future against employees of the United States.

14            4.      The court enter the proposed order granting declaratory and injunctive

15   relief, which is approved as to substance and form.  (Dckt. no 11, attachment 6.)

16   ////

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

1             5.      This action be closed.

2           These findings and recommendations are submitted to the United States District

3 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4 days after being served with these findings and recommendations, any party may file written

5 objections with the court and serve a copy on all parties.  Such a document should be captioned

6 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

7 within the specified time may waive the right to appeal the District Court's order.  Turner v.

8 Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.

9 1991).

10 DATED:  April 4, 2011

11

12

13                                     KENDALL J. NEWMAN
                                     UNITED STATES MAGISTRATE JUDGE

14 usa-tingler.def

15

16

17

18

19

20

21

22

23

24

25

26